# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY, COVINGTON DIVISION

WILLIAM VIRGIL,

               Plaintiff,

     v.

CITY OF NEWPORT, et al.,

               Defendants.

Case No. 16-CV-224

JUDGE DAVID L. BUNNING

MAGISTRATE EDWARD B. ATKINS

JURY TRIAL DEMANDED

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSES TO PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY

NOW COMES Plaintiff, William Virgil, by his attorneys, LOEVY & LOEVY, replying to Defendants' Responses (Dckt. 347, 348) to Plaintiff's Motion for Certification of Appealability (Dckt. 346).

## INTRODUCTION

"A Rule 54(b) certification recognizes the practical finality of a decision as to certain claims and permits such a decision to be appealed as a final judgment." *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997). "The rule 'is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Id.* For reasons explained below, Defendants have not undermined Plaintiff's argument that there

is no just reason for delay.   In fact, Defendants' arguments highlight why certification is warranted – "there is no just reason for delay" and to avoid duplicative trials.  For the reasons explained below, Plaintiff's motion should be granted.

## I.   The Court's Summary Judgment Decision is Final for Purposes of Rule 54(b)

Defendants assert that Plaintiff has not satisfied Rule 54(b) because the collateral order doctrine does not extend to decisions beyond qualified immunity in § 1983 litigation.  Dckt. 347 at 6 (Newport Defendants' Response); Dckt. 348 at 3 (Defendant City of Cincinnati Response).  Thus, Defendants argue, the district court's decision is not a final order for appellate purposes.  *Id.*

Defendants misapprehend Rule 54(b).  "[U]nder Federal Rule of Civil Procedure 54(b), the district court may certify a partial grant of summary judgment if the court 'expressly determines that there is no just reason for delay.'" *Carpenter v. Liberty Ins. Corp.*,  850 F. App'x 351, 355 (6th Cir. 2021) (quoting Fed. R. Civ. P. 54(b)); *see also Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009) ("A grant of partial summary judgment that does not dispose of all parties and all claims is generally not immediately appealable unless the district court issues a Fed. R. Civ. P. 54(b) certificate.")

Rule 54(b) "scrupulously recognizes the statutory requirement of a 'final decision' under § 1291 as a basic requirement for an appeal to the Court of Appeals. It merely administers that requirement in a practical manner in multiple claims actions and does so by rule instead of judicial decision." *Sears, Roebuck & Co. v.*

*Mackey*, 351 U.S. 427, 428 (1956).  "The District Court cannot, in the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of § 1291.  But the district court may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions."  *Id.* at 437; *see also Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 59 (6th Cir. 1986) ("Fed. R. Civ. P. 54(b) is designed to facilitate the entry of judgment on one or more claims, or a to one or more parties, in a multi-claim/multi-party action."); *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 638 F. App'x 489, 496 (6th Cir. 2016) ("In sum, the district court did just what Rule 54(b) commands.  It first determined that the March 13, 2013 summary judgment order addressed multiple claims.  It then determined that only some of those claims enjoyed a final judgment.  That satisfies the first step for Rule 54(b) certification.").  In short, the Court may properly grant certification under Rule 54(b) at this stage of the case.

## II.   There is No Just Reason for Delay

### A. Plaintiff's Claim Against Cincinnati Should be Certified

Defendant City of Cincinnati asserts that the Court should deny certification because it "would add multiple parties and numerous issues to the existing appeal" and that "there is little connection between the issues on appeal and the claim against Cincinnati Plaintiff seeks to address in an appeal."  Dckt. 348 at 5.

Defendant City of Cincinnati's view is too narrow.  Regardless of the outcome of Plaintiff's claims against Defendants Brandt and Wagner and Defendant City of

Newport, Plaintiff intends to appeal the Court's decision granting summary judgment against his municipal liability claim against Defendant City of Cincinnati.  If Plaintiff successfully appeals post-trial, then this Court would have to try a duplicative trial.  That is, the district court would have to held a second trial involving the same serial killer evidence, the same witnesses, and the same factual issues as Plaintiff already would have tried against the Individual Newport Defendants.  So, although Plaintiff's claim against Defendant Cincinnati involves a slightly different appellate question than Defendants Brandt and Wagner's appeal, it ultimately involves the same factual issues.

Rule 54(b) certification is appropriate where "judicial economy is best served by immediate appeal . . . ."  *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466, at *4 (E. D. Mich. Jan. 25, 2011) (granting Rule 54(b) certification where possibility of second trial involving same parties, witnesses, and exhibits might occur); *Planned Parenthood Sw. Ohio Region v. DeWine*, No. 1:04-CV-493, 2011 WL 4063999, at *2 (S.D. Ohio Sept. 13, 2011) ("Finally, the 'miscellaneous factors' would be served by an immediate appeal:  a final decision on Plaintiff's void-for-vagueness, bodily integrity, and undue burden claims would promote economy and shorten the time of trial by avoiding duplicative trials, and trim expenses for the parties and for this Court."); *J.H. by Harris v. Williamson Cnty.*, No. 3-14-2356, 2018 WL 3572392, at *2 (M.D. Tenn. July 25, 2018) (granting certification under Rule 54(b) because "[a]ll of Plaintiff's claims should be tried together, if they are tried.").  In sum, for reasons of judicial economy, this Court should certify its summary judgment

decision against Plaintiff's claim against Defendant City of Cincinnati under Rule 54(b).

### B. Plaintiff's Claims Against the Individual Newport Defendants Should be Certified

The Individual Newport Defendants argue that this case "is not one of the 'infrequent harsh cases' that justifies certification, nor does the case present special circumstances that would necessitate certification under the Rule."  Dckt. 347 at 4 (citing *Crowley v. Anderson Cnty.*, No. 3:17-cv-169, 2018 WL 8919928 (E.D. Tenn. Sept. 28 2018)).

Defendants' focus is misplaced.  "However accurate it may be as a description of cases qualifying for Rule 54(b) treatment, the phrase 'infrequent harsh case' in isolation is neither workable nor entirely reliable as a benchmark for appellate review.  There is no indication is was ever intended by the drafters to function as such." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980).  Instead, the trial court must decide whether there are "'justifiable reasons for delay.'"  *Id.* (quoting *Sears, Roebuck, and Co. v. Mackey*, 351 U.S. 427, 437 (1956)).

Indeed,  "[t]he party seeking certification under Rule 54(b) need not show 'harsh or unusual circumstances' to merit such a ruling; instead, 'the proper standard against which a district's court exercise of discretion in granting a Rule 54(b) certification is to be judged is the interest of sound judicial administration.'" *Roe v. Amazon.com*, No. 3:15-cv-111, 2016 WL 4035523, at *1 (S.D. Ohio July 27, 2016) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 9).  "The Supreme Court simply describes the 'function of the district court under the Rule is to act as a 'dispatcher.'"

*Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8); *see also Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821 (6th Cir. 2015) ("The second requirement of Rule 54(b)—that the district court determine that there is no just reason for delay—requires consideration of 'judicial administrative interests as well as the equities involved.'" (quoting *Curtiss-Wright*, 446 U.S. at 8). "The district court must 'determine whether the needs of the parties outweigh the efficiency of having one appeal at the conclusion of the case it its entirety, and it must spell out its reasons for concluding that prompt review is preferable.'" *Lowery*, 426 F.3d at 822 (quoting *GenCorp., Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004)).

In any event, this case has been pending for five years. Plaintiff is approaching his 70th birthday still seeking justice after spending more than 28 years in prison for a murder he didn't commit. The case likely will be delayed for at least one year just to resolve Defendants' second qualified immunity appeal. If these facts do not qualify as an "infrequent, harsh case" justifying certification, it is difficult to contemplate what set of facts would meet that standard.

## 1. Defendants' Analysis of the First *Corrosioneering* Factor is Misguided

The Newport Defendants contend that the relationship between adjudicated and unadjudicated claims disfavors certification. Dckt. 347 at 7-8. However, the Newport Defendants cite cases presenting different circumstances than the circumstances here. In *Justice v. Pendleton Place Apartments*, 40 F.3d 139 (6th Cir. 1994), the Sixth Circuit vacated the district court's Rule 54(b) certification where the district court had certified its decision dismissing the plaintiff's state law

6

negligence *per se* claim because "the negligence per se claim depends entirely on the remaining federal claims," subsequent events in the district court might moot the appeal, and it was possible the damages issues would never arise, rendering any appellate opinion an advisory opinion. *Id.* at 141-42. Here, Plaintiff seeks no opinion on damages that might become moot, he has no state law claims that depend on federal claims, and there is no risk of an advisory opinion.

In *Lowery*, 426 F.3d at 819, the district court granted summary judgment on Plaintiff's Title VII claims but denied summary judgment on his breach of contract claim. The district court granted certification under Rule 54(b) on the Title VII claims. *Id.* at 820. The Sixth Circuit concluded that certification was improper because the dismissed Title VII claims and the remaining breach of contract claim involved the same set of operative facts, so the district court's certification promoted piecemeal appeals on claims arising from the same facts. *Id.* at 822. Similarly, in *Carpenter*, 850 F. App'x at 355, the adjudicated and unadjudicated claims arose from the same set of facts, so certification promoted piecemeal appeals and the issue might be mooted in the future.

Here, however, certification would reduce piecemeal appeals on claims arising from the same set of facts because Defendants already are pursuing an interlocutory appeal. The concerns in *Justice*, *Lowery*, and *Carpenter* about the relationship between adjudicated and unadjudicated claims do not apply here. Also, Defendants have aggressively sought to limit admissible evidence on Plaintiff's remaining claims, so Defendants assertion that all of Plaintiff's claims factually

overlap is perplexing, to say the least. *See generally* Dckt. 312 (Defendants' Brandt and Wagner's Motions *in Limine* seeking to exclude evidence from trial pertaining to Plaintiff's innocence and all other evidence that they allege doesn't directly prove Plaintiff's remaining claims).

At bottom, this case is most similar to *Gavit v. Born*, 835 F.3d 623 (6th Cir. 2016), where the Sixth Circuit concluded that the district court had properly "acknowledged the importance of judicial economy, recognizing that the Estate's interlocutory appeal created an opportunity for appellate review of the dismissals of related claims stemming from the same alleged civil rights violations." *Id.* at 639. "Considering the actions complained of occurred more than 30 years ago, the 'no just reason for delay' consideration is infused with a certain exigency. Any step that moves the parties closer to a fair and final adjudication is a good step." *Id.* That step should be taken here given the circumstances discussed above.

## 2. The District Court May Properly Consider that Certification Might Promote Settlement

The second factor favors certification because the need for review will not be mooted in the district court. Dckt. 346 at 5 (Plaintiff's Motion). Defendants do not challenge this proposition. *See* Dckt. 347 at 8-9 (Defendants' Response). As an additional consideration, the Court may consider that "appellate resolution could facilitate settlement . . . ." *Lowery*, 426 F.3d at 823. Defendants argue that "the possibility that certification under Rule 54(b) might spur settlement does not, standing alone, satisfy the second factor." Dckt. 347 at 9.

Plaintiff does not suggest that the possibility of settlement alone warrants certification under this factor, or suggest that the district court should force settlement. The primary reason for certification under the factor is that the need for review will not be mooted by future developments in the district court. As an additional, supporting consideration, the Court may properly consider "the interest of judicial administration," including facilitation of settlement. *Lowery*, 426 F.3d at 823. Thus, Defendants argument on this point misses the mark.

### 3. Multiple Appeals May Occur, But the Interests of Judicial Administration and the Equities of the Parties Favors Certification

Defendants contend that if the Court certifies its decision, the Sixth Circuit may face the same issues in a second appeal. Dckt. 347 at 9-10. First, Defendants assert that if Plaintiff successfully appeals this Court's summary judgment decision on Plaintiff's *Brady* claim against Defendant Sears, and then secures a verdict, Defendant Sears will appeal that verdict, requiring the Sixth Circuit to consider a similar issue twice. *Id.* at 9. However, Defendants overlook that if Plaintiff is not permitted to appeal now, then he will appeal after trial regardless of the verdict and damages awarded. In that scenario, Plaintiff would pursue an appeal on the dismissed Defendants and claims, while Defendants Brandt, Wagner, and the City of Newport would presumably appeal the trial verdict and any evidentiary issues that they seek to contest. If Plaintiff is successful on appeal and in a second trial, then Defendant Sears will appeal again after a second trial. So, denying Plaintiff permission to appeal now will only serve to further delay this case. Conversely, if

Plaintiff is permitted to appeal the dismissed claims and Defendants now, that would prevent a second, and duplicative trial, later on.

Second, Defendants assert that Plaintiff's *Brady* and fabrication claims premised on Mr. Womack risk double appeal because Defendants will appeal any jury verdict if Plaintiff is successful on appeal and at trial. However, again, Defendants overlook that Plaintiff will appeal post-trial if the Court declines certification. If successful, Defendants will appeal again after a second trial as well. Defendants insinuation that they would not appeal a jury verdict in Plaintiff's favor is not a reason to deny certification.

In short, the possibility of multiple appeals exists. Although Defendants have the right to qualified immunity interlocutory appeal, if they were motivated to minimize appeals, they could have chosen not to exercise their right to appeal and proceed to trial. "[T]he interests of judicial administration as well as the equities of the parties" favors certification, because judicial economy favors trying all of Plaintiff's available claims in the first trial, instead of piecemeal appeals at various stages of the case. *Gavitt*, 835 F.3d at 639.

### 4. The Absence of Set-Off Claims Favors Certification

Defendants contend that the absence of set-off from counterclaims is a non-factor. Defendants cite no authority for this proposition. A lack of set-off favors certification. *See Bose v. de la Salud Bea*, 2018 WL 8922839, at *4 (W. D. Tenn. July 30, 2018) ("[T]he Court considers this absence of set-off as favoring Rule 54(b) certification.")

### 5. *Gavit*—Not *LeFever*—Guides This Court's Certification Decision

Defendants argue that the fifth factor disfavors certification under *LeFever v. Ferguson*, 567 F. App'x 426 (6th Cir. 2014).  In *LeFever*, the district court certified the plaintiff's *Brady* claims under Rule 54(b) without awaiting the defendant's opposition brief.  *Id.* at 429.  The defendant "alerted the court to the premature certification ruling and filed opposition," but the district court concluded that a cross-appeal had divested the court's jurisdiction, and so it could not amend its Rule 54(b) ruling.  *Id.*

The Sixth Circuit acknowledged that it ordinarily gave "substantial deference to the district court's weighing of unjust-delay factors, recognizing its greater familiarity with a case's procedural posture, but the district court's failure to consider substantial arguments raised in timely opposition briefing diminishes the deference owed."  *Id.* at 432 (internal citations omitted).  The Sixth Circuit dismissed the appeal as improperly certified because "[t]he district court's premature ruling on the certification motion precluded meaningful review of the certification factors."  *Id.* at 433.  Combined with the possibility of a second qualified immunity appeal from other defendants, the Sixth Circuit concluded that certification under Rule 54(b) was inappropriate.  *Id.*

Here, the Court has sought briefing from the parties, providing it deference to consider the procedural posture of the case, unlike *LeFever*.  *Id.* at 433.  The primary problem in *LeFever* was not so much the outcome as it was the lack of "meaningful review of the certification factors."  *Id.* at 432.  *Gavit*—a more recent,

11

published, Sixth Circuit case—should guide the outcome in this case.  *Gavit*, 853 F.3d at 639 (upholding district court's certification where district court properly recognized that interlocutory qualified immunity appeal "created an opportunity for consolidated appellate review of the dismissal of related claims stemming from the same civil rights violations," and commenting that the fact that the "actions complained of occurred over 30 years ago, the 'no just reason for delay' consideration is infused with a certain exigency"); *see also Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011) (noting that unpublished cases are not precedent and bind only the parties to the case).

## Conclusion

Exercising its discretion, the Court should grant a certificate of appealability on the issues identified in Plaintiff's Motion. Dckt. 346.  The Court is free to weigh the *Corrosioneering* factors as it sees fit, on a case-by-case basis.  *Planned Parenthood*, 2011 WL 4063999, at \*2 (S.D. Ohio Sept. 13, 2011).  Considering judicial economy and the interests of the parties, the Court should grant certification, as "[a]ny step that potentially moves the parties closer to a fair and final adjudication is a good step."  *Gavit*, 835 F.3d at 639.  Judicial economy and the interests of the parties is best served by having a trial that includes the triable claims and relevant parties.

RESPECTFULLY SUBMITTED,


/s/ Margaret Campbell

*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Michael Kanovitz
Elliot Slosar
Amy Robinson Staples
Margaret Campbell
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
Fax: (312) 243-5902

## **CERTIFICATE OF SERVICE**

I, Margaret Campbell, an attorney, hereby certify that on August 18, 2021, I filed the

foregoing motion via the Court's CM/ECF System and thereby served a copy on all counsel of

record.