**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

CIVIL ACTION NO. 16-224-DLB-EBA

WILLIAM VIRGIL                                                                    PLAINTIFF

v.                              <u>MEMORANDUM ORDER</u>

CITY OF NEWPORT, et al.                                              DEFENDANTS

*** *** *** ***

This matter is before the Court upon Plaintiff William Virgil's Motion for Certificate of Appealability, wherein he requests that the Court certify certain claims for interlocutory appeal pursuant to Federal Rule of Civil Procedure 54(b).  (Doc. # 346). Defendants Newport Police Officers Marc Brandt, Norm Wagner, and Rick Sears (collectively "Individual Newport Defendants") as well as Defendant City of Cincinnati have responded in opposition.  (Docs. # 347 and 348).  Plaintiff has filed a reply brief. (Doc. # 349).  Accordingly, the Motion is ripe for the Court's review.  For the reasons stated below, Plaintiff's Motion is **granted**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

"      The facts of this case have been recited in two previous Orders of the Court, (*see* Docs. # 293 and 345), and will be repeated here briefly as necessary.  Plaintiff Virgil was tried and convicted of murder in September 1988.  (Doc. # 212-3 at 1399).  His conviction was vacated in 2015 following the discovery of favorable DNA evidence. (Doc. # 234-46).  Virgil then filed this civil rights action under 42 U.S.C. § 1983, alleging,

1

among other things, that the Individual Newport Defendants withheld exculpatory evidence in violation of his due process rights and prosecuted him without probable cause.  (Doc. # 49-1).  Virgil also sued the cities involved in his prosecution, including the Cities of Newport, Norwood and Cincinnati, as well as Norwood Police Officer Steve Daniels.  (*Id.*).

On summary judgment, the Court granted qualified immunity for the Individual Newport Defendants on all claims except for two of Plaintiff's *Brady* claims against Newport Officers Brandt and Wagner.  (Doc. # 293).  In particular, the Court held that a reasonable jury could conclude that Officer Wagner failed to disclose pretrial payments he made to a prosecution witness and that both Brandt and Wagner failed to disclose information about alternate suspects obtained during an investigation with the cities of Norwood and Cincinnati into a potential serial killer.  (*Id.* at 34-53).  The Court also denied summary judgment for the City of Newport, finding genuine issues of fact regarding whether the Individual Newport Defendants' constitutional violations stemmed from the City's unreasonable failure to train its officers.  (*Id.* at 72-77).  However, the Court granted summary judgment in favor of the City of Cincinnati and Norwood Officer Daniels, finding that Cincinnati and Norwood Officers had no clearly established obligation to turn over the facts discovered in the serial killer investigation conducted with the City of Newport.[1]  (*Id.* at 54-56).  The Court denied Plaintiff's Motion to reconsider its rulings on summary judgment.  (Doc. # 345).

The Individual Newport Defendants have taken an interlocutory appeal as of right with respect to the Court's denial of qualified immunity on two of Plaintiff's *Brady* claims.

---

[1]     Virgil abandoned his claim against the City of Norwood.  (Doc. # 293 at 72 n.17).

(Doc. # 298). Plaintiff subsequently moved to certify the interlocutory appeal as frivolous. (Docs. # 297 and 300). In addition, the City of Newport filed a motion to stay the trial pending the resolution of the Individual Newport Defendants' interlocutory appeal. (Doc. # 301). In a July 27, 2021 Memorandum Order, the Court denied Plaintiff's motion and granted the City of Newport's motion. (Doc. # 345). Accordingly, the Court vacated the trial and held in abeyance the pending motions in limine. (*Id.*). In addition, the Court gave Plaintiff and the City of Newport the opportunity to file motions to certify the summary judgment Order for interlocutory appeal, thereby allowing those parties to appeal the issues they lost on at summary judgment. (*Id.*).

Plaintiff has now moved to certify five issues for immediate appeal pursuant to Federal Rule of Civil Procedure 54(b). Those issues are, in Plaintiff's words:

1. Plaintiff's Brady claim against Defendant Sears based on his failure to disclose the Isaac Grubbs Internal Affairs investigative file (Count I);

2. Plaintiff's Brady claim against Defendant Wagner based on Joe Womack's fabricated and coerced statement (Count I);

3. Plaintiff's Brady claim against Norwood Defendant Daniels and Defendant City of Cincinnati for failing to disclose the serial killer evidence (Count I);

4. Plaintiff's fabrication claim against Defendant Wagner based on Joe Womack's fabricated statement (Count III);

5. Plaintiff's *Monell* claim against Defendant City of Cincinnati (Count VIII).

(Doc. # 346 at 2) (punctuation and spacing added). Both the City of Cincinnati and the Individual Newport Defendants have opposed Plaintiff's Motion. (Docs. # 347 and 348). Plaintiff has filed a reply memorandum. (Doc. # 349). Accordingly, the Motion is ripe for the Court's consideration.

## II.   ANALYSIS

Upon considering the arguments of the parties and the factual record, the Court will certify the above issues for immediate appellate review and will also so certify the remaining claims dismissed on the merits at summary judgment, namely claims of (1) withholding of evidence implicating suspect James Becker brought against Defendant Brandt (Count I, *Brady* theory 2), malicious prosecution brought against Defendants Sears, Niemeier, Wagner, and Brandt (Count II), failure to intervene brought against Defendants Sears, Wagner, and Niemeier (Count V), and civil conspiracy brought against Defendants Sears, Niemeier, Wagner, and Brandt (Count VI).[2]

A "district court may certify a partial grant of summary judgment for immediate appeal" under Federal Rule of Civil Procedure 54(b) "if the court expressly determines that there is no just reason for delay." *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012).  "Proper certification under Rule 54(b) is a two-step process.  First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." *ESJ Props., LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012) (internal quotation marks omitted).

The first requirement for certification is satisfied in this case. The Court entered summary judgment in favor of the City of Cincinnati, Norwood Police Officer Daniels, and all but two of the Individual Newport Defendants, leaving three defendants who

---

[2]      The Court is empowered to certify issues for appeal not requested by the parties.  Rule 54(b) does not require a motion by a party, and the Sixth Circuit has implicitly permitted sua sponte certification of issues for immediate appellate review under Rule 54(b).  *U.S. Citizens Ass'n v. Sibelius*, 705, F.3d 588, 593 (6th Cir. 2013).

must stand trial (Brandt, Wagner, and the City of Newport).  Thus, the Court entered final judgment as to some but not all of the parties in the case.  Moreover, the Court entered summary judgment on fewer than all of Plaintiff's claims.  For example, Plaintiff's malicious prosecution claim was dismissed on summary judgment, while two of Plaintiff's *Brady* claims remain outstanding.

Both the City of Cincinnati and the Individual Newport Defendants contend that certification fails at the first step because the decision Plaintiff seeks to appeal is not "final" within the meaning of the collateral order doctrine.  (*See* Docs. # 347 at 6 and 348 at 3).  That doctrine allows for immediate appeal of "a narrow class of decisions that do not terminate the litigation, but [which] are sufficiently important and collateral to the merits that they should nonetheless be treated as final."  *Peterson v. Heymes*, 931 F.3d 546, 553 (6th Cir. 2019).  However, as the Third Circuit has noted, "Rule 54(b) and the collateral order doctrine are conceptually distinct exceptions to the finality rule."  *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 165 n.36 (3d Cir. 2005); *see also SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1170-74 (9th Cir. 2006). While the collateral order doctrine permits the appeal of orders that would otherwise be considered interlocutory, Rule 54(b) allows for the appeal of a decision on discrete claims, each of which must be "final" within the meaning of 28 U.S.C. § 1291.  *Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 342 (5th Cir. 1989).  Because Plaintiff seeks to appeal claims that the Court disposed of at summary judgment, those claims are "final" and may be appealed immediately under Rule 54 if there is no just cause for delay.  *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002).

The second requirement for certification under Rule 54 is also satisfied. When deciding whether "there is no just reason to delay appellate review," courts consider the following nonexhaustive list of factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Corrosioneering, Inc. v. Thyssen Env't Sys.*, Inc., 807 F.2d 1279 (6th Cir. 1986); *see Carpenter v. Liberty Ins. Corp.*, 850 F. App'x 350, 355 (6th Cir. 2021) (applying the *Corrosioneering* factors).   The *Corrosioneering* factors weigh in favor of certification. Regarding the first and third factors, the Sixth Circuit has explained that "the relationship between the adjudicated and unadjudicated claims [ ] should generally be separate and independent so that the appellate court will not have to consider the same issues again if a second appeal is brought."   *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994).

In the present case, the Sixth Circuit is already reviewing the denial of qualified immunity on the two *Brady* claims, leaving the municipal liability claim against the City of Newport as the only unadjudicated claim remaining before the district court.  That claim, while intertwined with the constitutional claims against the Individual Newport Defendants, is nonetheless factually distinct because it involves a determination as to whether the city failed to adequately train its officers.  Accordingly, in the event the court of appeals rules that a trial is warranted on any of the individual constitutional claims,

any subsequent appeal of the jury verdict on the municipal liability claim would present new issues for the appellate court's consideration.

Furthermore, the need for review will not be mooted by future developments in the district court, and thus the second factor also weighs in favor of certification. The Court has already stayed the trial pending resolution of the Individual Newport Defendants' interlocutory appeal. Were the Sixth Circuit to affirm the Court's denial of summary judgment on the two *Brady* claims, Plaintiff would simply appeal the dismissal of his other claims at the conclusion of trial. Failing to certify the dismissed claims would thus result in needless delay.

In addition, it would serve judicial economy for the court of appeals to review the grant of summary judgment alongside the denial of summary judgment on the two *Brady* claims. For instance, obtaining review on all the qualified immunity issues at once will eliminate the potential for multiple trials, thereby conserving judicial resources. *See Wendrow v. Mich. Dep't of Human Servs.*, No. 08-14324, 2013 U.S. Dist. LEXIS 15787, at *5 (E.D. Mich. Feb. 6, 2013), *aff'd in relevant part*, 534 F. App'x 516, 524-25 (6th Cir. 2013). Also, the Individual Newport Defendants' interlocutory appeal provides the opportunity for consolidated appellate review of the dismissal of related claims involving similar facts. Moreover, granting certification may eliminate the need for multiple appeals in the event the appellate court holds that all defendants are entitled to qualified immunity. In light of these efficiency gains, "courts have found that, where an appeal of the denial of qualified immunity is already pending, an appeal of a decision granting qualified immunity as to other claims or defendants is appropriately certified under Rule 54(b)." *Id.* (collecting district court authorities from within the Sixth Circuit).

7

Finally, the Sixth Circuit has recognized that in the context of a wrongful conviction case such as this one, where significant time has passed since the constitutional violation allegedly took place, "the 'no just reason for delay' consideration is infused with a certain exigency. Any step that potentially moves the parties closer to a fair and final adjudication is a good step." *Gavitt v. Born*, 835 F.3d 623, 839 (6th Cir. 2016). Here, as in *Gavitt*, the actions complained of occurred more than thirty years ago. *Id.* Thus, expediting Virgil's summary judgment appeal furthers the interests of justice.

## III.   CONCLUSION

Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1)   Plaintiff William Virgil's Motion for Certificate of Appealability (Doc. # 346) is hereby **GRANTED**; and

(2)   The claims dismissed on the merits in the Court's Order granting partial summary judgment (Doc. # 293) are hereby **CERTIFIED FOR IMMEDIATE APPELLATE REVIEW** pursuant to Federal Rule of Civil Procedure 54(b).

A Judgment will be entered contemporaneously herewith.

This 30th day of September, 2021.



Signed By:

*David L. Bunning*

**United States District Judge**

O:\DATA\ORDERS\Cov2016\16-224 MO Certifying Interlocutory Appeal.docx